IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03324-BNB

SHAWN MANDEL WINKLER,

    Plaintiff,

v.

JOHN DOE 1, Hospital Duty Officer,
JOHN DOE 2, Hospital Duty Officer,
WESLY WILISON, Case Manager Supervisor,
ROBERT DICK, Case Manager,
SGT. BRADSHAW, Housing Officer,
CORRECTIONAL OFFICER LOZIER,
KEVIN MILYARD, Warden at time, and
TOM CLEMENTS, Executive Director,
individually and in their official capacities,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Shawn Mandel Winkler, is a prisoner in the custody of the Colorado Department of Corrections who is currently incarcerated at the Sterling Correctional Facility in Sterling, Colorado. He initiated this action on December 19, 2011, by filing *pro se* a Prisoner Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee.

The Court will construe the Complaint liberally because Mr. Winkler is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. See *Hall*, 935 F.2d at 1110. The Court has reviewed

the Complaint and has determined that it is deficient.  Mr. Winkler therefore will be directed to file an amended complaint for the reasons discussed below.

Mr. Winkler asserts three claims in his Complaint.  In his first claim, Mr. Winkler alleges that on August 12, 2011, he was transported to the Sterling Regional Medical Center for treatment for accidental poisoning.  He asserts that, while unconscious, unidentified persons used the "Bandit security tazer" that was attached to his leg to taze him repeatedly, causing severe burns.  Mr. Winkler asserts that this treatment violated his Eighth Amendment right to be free from cruel and unusual punishment.  However, his first claim is not asserted against any named Defendant.  Second, Mr. Winkler asserts a claim for "failure to remedy a wrong and intimadation [sic]".  Complaint at 5.  In his second claim, Mr. Winkler alleges that Defendant Wilson refused to investigate his grievance regarding the tazer burns and told him that his grievance would "not go anywhere because we will just claim equipment malfunction."  *Id.*  Third, Mr. Winkler asserts that he has been harassed and retaliated against due to lawsuits that he has filed.  As relief, Mr. Winkler seeks compensatory damages.

Mr. Winkler does not allege specific facts to establish that all named defendants personally participated in the alleged violations of his constitutional rights. Personal participation by a named defendant is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  Mr. Winkler must therefore show that each named defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055

(10th Cir. 1993).  A defendant such as Warden Kevin Milyard may not be held liable on a theory of respondeat superior merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986);  *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  Furthermore, in order to state a claim in federal court, Mr. Winkler "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  Accordingly, it is

ORDERED that Plaintiff, Shawn Mandel Winkler, file **within thirty (30) days from the date of this order,** an amended complaint that complies with the directives in this order.  It is

FURTHER ORDERED that Mr. Winkler shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Winkler fails to file an amended complaint that complies with this order within the time allowed, Defendants Gilmore and Bennett will be dismissed from this action without further notice.

DATED January 17, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge