IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03324-BNB

SHAWN MANDEL WINKLER,

    Plaintiff,

v.

JOHN DOE 1, Hospital Duty Officer,
JOHN DOE 2, Hospital Duty Officer,
WESLY WILISON, Case Manager Supervisor,
ROBERT DICK, Case Manager,
SGT. BRADSHAW, Housing Officer,
CORRECTIONAL OFFICER LOZIER,
KEVIN MILYARD, Warden at time, and
TOM CLEMENTS, Executive Director,
individually and in their official capacities,
MANUFACTURES [sic] OF THE BANDIT TASER DEVICE,

    Defendants.

---

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER
AND FOR APPOINTMENT OF COUNSEL

---

Plaintiff, Shawn Mandel Winkler, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Sterling Correctional Facility in Sterling, Colorado. He submitted *pro se* a Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983, asserting violations of his constitutional rights. He requests monetary relief. Mr. Winkler has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

On January 17, 2012, Magistrate Judge Boland directed Mr. Winkler to file an Amended Complaint within thirty days, for reasons set forth in the Order. After

receiving an extension of time, Mr. Winkler filed an Amended Complaint on February 7, 2012.

On February 24, 2012, Mr. Winkler filed a "Motion for Mandamus Relief" (Doc. # 23), and a "Motion for Appointment of Counsel" (Doc. # 22).  The Court will construe Mr. Winkler's filings liberally because Mr. Winkler is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110.  The Court construes Mr. Winkler's "Motion for Mandamus Relief" as a motion for a temporary restraining order.  For the reasons stated below, the motion will be denied.

A temporary restraining order or preliminary injunction is an "extraordinary remedy" and, therefore, "the right to relief must be clear and unequivocal." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005) (quoting *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir.1991)).  The decision to grant injunctive relief is a matter of the Court's discretion.  *See Gen. Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir.2007) (noting that the Tenth Circuit reviews denials of preliminary injunctions for abuse of discretion).  To obtain a preliminary injunction, the movant must show that the movant will suffer irreparable harm if the injunction is denied. *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1258 (10th Cir. 2004).  "To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.'" *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003); Fed.R.Civ.P. 65(b).

Mr. Winkler asserts in his motion for temporary restraining order that he has

limited access to the computers in the law library at Sterling Correctional Facility, and this lack of access is hindering his ability to proceed in this action. He requests that he be allowed to access the law library for three days per week. He also requests that his facility assign him a "work station" in the law library and that his facility develop a program which will allow him to send his legal documents for printing without prison officials first opening the documents.

Mr. Winkler has failed to allege specific facts to demonstrate that he is threatened with immediate and irreparable injury at this time. Specifically, Plaintiff has not shown that the asserted problems concerning the law library at his facility have resulted in "actual injury" by "frustrat[ing]," "imped[ing]," or "hinder[ing] his efforts to pursue a [non-frivolous] legal claim." *Lewis v. Casey*, 518 U.S. 343, 351-53 and n.3 (1996); *see also Simkins v. Bruce*, 406 F.3d 1239, 1243-44 (10th Cir. 2005) (under *Lewis*, cognizable harm arises when the plaintiff's efforts to pursue an arguable claim are impeded). Plaintiff's allegations concerning interference with his legal documents are conclusory and cannot support an award of injunctive relief under Fed. R. Civ. P. 65(b) (request for temporary restraining order must be supported by specific facts).

Furthermore, while access to law libraries or effective legal assistance are constitutionally acceptable methods of assuring meaningful access to the courts, *see Bounds v. Smith*, 430 U.S. 817, 828 (1977), the Constitution does not guarantee prisoners "an abstract, freestanding right to a law library or legal assistance." *Lewis*, 518 U.S. at 351. Mr. Winkler states that he has only been allowed to the law library twice to access his documents. Motion at 2. Under *Bounds* and *Casey*, Mr. Winkler is entitled to a "reasonably adequate opportunity to file nonfrivolous legal claims

challenging [his] . . . conditions of confinement." *Casey*, 581 U.S. at 356; *see also Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir.1995) (legal assistance is constitutionally sufficient when provided by non attorneys trained in the law such as inmate law clerks, paralegals, or law students).  At this juncture, Mr. Winkler has not demonstrated that prison officials at Sterling Correctional Facility have denied him that capability.  Indeed, Mr. Winkler filed an Amended Complaint, as directed by Magistrate Judge Boland, on February 7, 2012.

Accordingly, the Court finds that Mr. Winkler is not under any immediate threat of having the instant lawsuit dismissed because he lacks a reasonably adequate opportunity to file non-frivolous legal claims challenging the conditions of his confinement.  As such, Mr. Winkler has failed to demonstrate an entitlement to a temporary restraining order or preliminary injunctive relief.  Accordingly, it is

ORDERED that Mr. Winkler's "Motion for Mandamus Relief" (Doc. # 23), filed February 24, 2012, which the Court has construed liberally as a Motion for Temporary Restraining Order, is DENIED.  It is

FURTHER ORDERED that the "Motion for Appointment of Counsel" (Doc. # 22), filed February 24, 2012, is DENIED.

DATED at Denver, Colorado, this   28th   day of    February        , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court