IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03324-BNB

SHAWN MANDEL WINKLER,

    Plaintiff,

v.

JOHN DOE 1, Unknown Officer of Sterling Correctional Facility on Hospital Duty,
JOHN DOE 2, Unknown Officer of Sterling Correctional Facility on Hospital Duty,
WESLEY WILSON, Case Manager Supervisor,
ROBERT DICK, Case Manager,
SGT. BRADSHAW, Housing Officer,
LOZIER, Correctional Officer,
KEVIN MILYARD, Warden at time,
TOM CLEMENTS, Executive Director,
individually and in their official capacities,
MANUFACTURES [sic] OF THE 'BANDIT' TASER DEVICE,

    Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

    Plaintiff, Shawn Mandel Winkler, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who is currently incarcerated at the Sterling Correctional Facility (SCF) in Sterling, Colorado. Mr. Winkler initiated this action by filing a *pro se* prisoner complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis* without payment of an initial partial filing fee.

    On January 17, 2012, Magistrate Judge Boyd N. Boland determined that the prisoner complaint was deficient because it failed to allege the personal participation of

all named Defendants. Accordingly, Magistrate Judge Boland directed Mr. Winkler to file an amended prisoner complaint within thirty days. Mr. Winkler submitted an amended complaint on February 7, 2012.

The Court must construe the amended complaint liberally because Mr. Winkler is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. See *id.*

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the amended complaint because Mr. Winkler is a prisoner and some of the Defendants are officers or employees of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the complaint, or any portion of the complaint, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. See *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Mr. Winkler asserts four claims in the amended complaint. As his first claim, Mr. Winkler asserts that he was transported to the Sterling Regional Medical Center on August 12, 2011, to be treated for accidental poisoning. He alleges that on August 14, 2011, while he was semi-conscious and restrained in a hospital bed, Defendants John Doe 1 and John Doe 2 maliciously discharged the "Bandit" taser device attached to his

leg, causing convulsions, sharp pain, and a severe burn to his right calf.  As his second claim, Mr. Winkler asserts that he attempted to file grievances related to the Bandit incident, but Defendant Wesly Wilson told him that his grievance "would go nowhere" and threatened to retaliate against Mr. Winkler if he continued the grievance process. Third, Mr. Winkler asserts that he has been subject to retaliation for his legal activities and that on September 29, 2011, Defendants Bradshaw and Lozier searched his cell and confiscated all of his legal papers and evidence documenting the retaliation.  Mr. Winkler asserts that Defendant Robert Dick told Mr. Winkler that he had ordered the search of Mr. Winkler's and that he would generate false paperwork to demonstrate that Mr. Winkler was violating facility rules.  Fourth, Mr. Winkler asserts that the "Bandit" taser device has a faulty design, and has also been used to "brand" other inmates at the Sterling Correctional Facility.  Mr. Winkler asserts that his Eighth Amendment right to be free from excessive force and cruel and unusual punishment has been violated, and he seeks damages as relief.

As a preliminary matter, the Court notes that Mr. Winkler is suing Defendants Executive Director Tom Clements and Warden Kevin Milyard because these Defendants allegedly are responsible for the constitutional violations committed by other individuals or because these Defendants hold supervisory positions.  Mr. Winkler asserts that he notified Defendants Clements and Milyard of constitutional violations committed by defendants under their supervision by sending letters to them.  However, these allegations fail to establish the personal participation of Defendants Clements and Milyard.

Mr. Winkler was previously warned that personal participation is an essential

allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of *respondeat superior*. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). This is because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). Moreover, the Tenth Circuit has held that receiving correspondence from an inmate does not demonstrate the personal participation required to trigger personal liability under § 1983. *Davis v. Ark. Vally Corr. Facility*, 99 Fed. Appx. 838, 843 (10th Cir. May 20, 2004) (unpublished opinion) (holding that copying the warden on correspondence does not demonstrate the warden's personal participation in an alleged constitutional violation). Mr. Winkler has failed to allege an affirmative link between the alleged constitutional violations and these Defendants. Therefore, Defendants Tom Clements and Kevin Milyard are improper parties to this action, and they will be dismissed.

After review pursuant to D.C.COLO.LCivR 8.2C, the Court has determined that Mr. Winkler's claims do not appear to be appropriate for summary dismissal and that the case should be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that Defendants Tom Clements and Kevin Milyard are dismissed as parties to this action for lack of personal participation. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this  13th  day of    March         , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court