IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03324-MSK-MJW

SHAWN MANDEL WINKLER,

Plaintiff(s),

v.

JOHN DOE 1, Unknown Officer of Sterling Correctional facility on Hospital Duty,
JOHN DOE 2, Unknown Officer of Sterling Correctional facility on Hospital Duty,
WESLY WILSON, Case Manager Supervisor,
ROBERT DICK, Case Manager,
SGT. BRADSHAW, Housing Officer,
CORRECTIONAL OFFICER LOIZER,
all individually and in their official capacities, and
KARBON ARMS, Manufacturer of the KARBON Band-it,

Defendant(s).

---

MINUTE ORDER

---

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that the CDOC Defendants' Motion for Extension of Time to File Answer or Other Responsive Pleading (Docket No. 77) is granted. Accordingly, defendants Wilson, Dick, Bradshaw, and Lozier shall have up to and including fourteen (14) days after the court issues rulings on the plaintiff's motions to amend (Docket Nos. 55, 73, and 74) to answer or otherwise respond to the Amended Prisoner Complaint (Docket No. 7).

It is further ORDERED that the plaintiff's First Request and Motion for Production of Documents (Docket No. 69) is denied without prejudice as it is merely a request for production of documents, not a request for relief from the court.

It is further ORDERED that the plaintiff's Motion for Appointment of Counsel (Docket No. 67) is denied without prejudice for the reasons stated in this court's Minute Order filed on March 28, 2012 (Docket No. 37).

It is further ORDERED that the plaintiff's Motion Seeking Reculsal [sic] (Docket No. 59) is denied. A judge or magistrate judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. §

2

455(a). The goal of this provision is to avoid even the appearance of partiality. See Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 860 (1988). Pursuant to § 455(a), a court is not required to accept all factual allegations as true, "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." Glass v. Pfeffer, 849 F.2d 1261, 1268 (10th Cir. 1988) (internal quotations omitted). The standard is wholly objective, and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. See United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993).

Subsection (b) of § 455 sets forth more particularized situations in which a judge must disqualify himself, see Liljeberg, 486 U.S. at 871, none of which applies to the instant action. A litigant's disagreement with judicial rulings is insufficient to demonstrate that disqualification is appropriate pursuant to § 455(a) or (b). See Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). Here, plaintiff has made no showing that reasonably questions Magistrate Judge Watanabe's impartiality. Plaintiff merely disagrees with this court's rulings and handling of this case. In addition, while plaintiff claims that Magistrate Judge Watanabe presided over another case involving the plaintiff in 2008 (A2434430-31), a search of the court's electronic case management system shows that plaintiff's other cases were assigned to other judges in this district, and the number stated by plaintiff (A2434430-31) is not a civil case number in this court. Accordingly, his motion for recusal is denied.

Date:  May 16, 2012