IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03324-WJM-MJW

SHAWN MANDEL WINKLER,

Plaintiff(s),

v.

JOHN DOE 1, Unknown Officer of Sterling Correctional facility on Hospital Duty,
JOHN DOE 2, Unknown Officer of Sterling Correctional facility on Hospital Duty,
WESLY WILSON, Case Manager Supervisor,
ROBERT DICK, Case Manager,
SGT. BRADSHAW, Housing Officer,
CORRECTIONAL OFFICER LOIZER,
all individually and in their official capacities, and
KARBON ARMS, Manufacturer of the KARBON Band-it,

Defendant(s).

---

## MINUTE ORDER

---

**Entered by Magistrate Judge Michael J. Watanabe**

It is hereby **ORDERED** that the plaintiff's Motion to Declare Defendants (Docket No. 55) and Motion for leave to file an Amended Complaint (Docket No. 73) in which plaintiff seeks to reinstate claims against former defendant Kevin Milyard and Tom Clements, are both **DENIED** for the reasons stated in the CDOC Defendants' Response (Docket No. 86). Plaintiff has still failed to provide facts showing the requisite personal participation by these two defendants. (See Docket No. 13 - Order by Magistrate Judge Boland which includes a discussion of the required personal participation.)

It is further **ORDERED** that the plaintiff's Motion for Joinder of Party (Docket No. 98) is **GRANTED**, and defendant John Doe 1 is hereby replaced by Correctional Officer Thomas Mertens. It is thus further

**ORDERED** that counsel for the CDOC defendants shall forthwith advise the court whether she will accept service on behalf of defendant Thomas Mertens.

It is further **ORDERED** that the plaintiff's Motion for Leave to file an Amended Complaint (Docket No. 74) is **DENIED WITHOUT PREJUDICE**. Plaintiff seeks to include twelve named officers as defendants in place of John Doe 1 and John Doe 2.

2

One of the twelve is Thomas Mertens who was substituted for John Doe 1 above. Plaintiff, however, has failed to tender a proposed amended pleading which alleges the requisite personal participation by the other eleven named officers. It is apparent from plaintiff's motion that he does not know which, if any, of these other officers were assigned to the Karbon Band-it and its firing mechanism. Therefore, his motion is denied without prejudice.

It is further **ORDERED** that the plaintiff's Motion and Notice for Physical Examination From Independant [sic] Source/Doctor Not Employeed [sic] by the CDOC (Docket No. 99) is **DENIED**. Plaintiff seeks an order pursuant to Fed. R. Civ. P. 35 directing an exam by an independent source (preferably a forensic expert from the CBI) regarding the nature and cause of the scars on his leg, which would provide him with expert witness testimony. The CDOC defendants correctly assert, however, that Rule 35 does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself. Thomas v. Johnson, 2011 WL 3328514, at *1 (D. Colo. Aug. 2, 2011); Hanna v. Chudy, 2011 WL 2039421, at *1 (N.D. Cal. May 25, 2011) (and cases cited therein). "Rule 35 is not intended for a civil litigant, even if indigent, to compel a medical examination of himself at the expense of the Defendants or the court." Thomas, 2011 WL 3328514, at *1 (citing Paiva v. Bansal, 2011 WL 1595425, at *1 (D.R.I. Apr. 27, 2011)).

The relief plaintiff seeks could be construed as a request for an appointment of an expert pursuant to Fed. R. Evid. 706, but a court's authority to make such an appointment under Rule 706 is discretionary. Cestnik v. Federal Bureau of Prisons, 2003 WL 22969354, *2 (10th Cir. Dec. 18, 2003). "'The appointment of an expert pursuant to Rule 706 is not intended to further partisan interests of any party, but to aid the Court, through the services of an impartial expert in its assessment of technical issues.'" McKinney v. U.S., 2009 WL 798583, at *1 (D. Colo. Mar. 24, 2009) (quoting Byng v. Campbell, 2008 WL 4662349 (N.D.N.Y. Oct. 20, 2008)). While plaintiff's case involves medical issues, this court finds that the case is not overly complex or scientific and that the plaintiff has not presented compelling circumstances to warrant appointment of an expert at government expense. See id. The court is unable to find at this time that appointment of an expert sought by plaintiff is warranted pursuant to Rule 706. Plaintiff, however, is not precluded from retaining his own expert medical witness to examine him and render a medical opinion.

It is further **ORDERED** that the plaintiff's Motion for Writ of Assistance (Docket No. 117) is **DENIED**. Plaintiff claims that by virtue of his incarceration, he "has no means to perfect a lien against Karbon Arms or representative/owner Robert Gruder" and thus seeks the issuance of a writ directing the U.S. Marshal to place liens on certain properties. Plaintiff, however, is no longer incarcerated. Moreover, he has shown no basis in law or in fact for the relief sought in this motion.

It is further **ORDERED** that the plaintiff's Motion for Enlargement of Time (Docket

3

No. 125) and Motion for Time Extension (Docket No. 131) are **GRANTED** to the extent that the Scheduling Order (Docket No. 93) is amended to extend the deadline for designation of all experts and providing opposing party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before March 22, 2013, and the deadline for rebuttal experts is extended up to and including April 22, 2013.

It is further **ORDERED** that the plaintiff's Motion to Show Cause (Docket No. 135), which this court has construed as a motion to compel, is **DENIED** for the reasons stated in the Response (Docket No. 137). As correctly noted by the CDOC defendants, the Scheduling Order specifically provides that the limits on the number of requests for production and/or requests for admission are "25 per party or party group." (Docket No. 93 at 7). Therefore, plaintiff was permitted to serve only 25 interrogatories and requests for production of documents on the CDOC defendants collectively, not individually. In addition, plaintiff's assertion of fabricated documents is conclusory.

Date:   January 24, 2013