**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 11-cv-03324-RM-MJW

SHAWN MANDEL WINKLER,

   Plaintiff,

v.

THOMAS MERTENS, Correctional Officer,
JOHN DOE 2, Unknown Officer of Sterling Correctional Facility on Hospital Duty,
WESLY WILSON, Case Manager Supervisor,
ROBERT DICK, Case Manager,
SGT. BRADSHAW, Housing Officer, and
CORRECTIONAL OFFICER LOIZER,
all individually and in their official capacities

   Defendants.

---

**ORDER ADOPTING MAGISTRATE'S RECOMMENDATION (ECF No. 171) AND**
**OVERRULING PLAINTIFF'S OBJECTIONS (ECF No. 172)**

---

   This matter is before the Court on United States Magistrate Judge Michael J. Watanabe's

Recommendation ("the Recommendation") (ECF No. 171) that the Court dismiss Plaintiff

Shawn Mandel Winkler's ("Plaintiff") Amended Complaint ("Complaint").  (ECF No. 19).  In

his Complaint, Plaintiff brings a mix of individual and official capacity claims against

Defendants Thomas Mertens, John Doe 2, Wesly Wilson, Robert Dick, Sgt. Bradshaw, and

Correctional Officer Loizer; he brings a use of excessive force and cruel and unusual punishment

claim (Claim One); a claim against those same Defendants for failing to remedy a wrong and for

intimidation (Claim Two); and finally, he brings a claim for retaliation and harassment (Claim

Three).[1]  Judge Watanabe recommended that the Court dismiss Claim Two, Three, and the

---

[1] A fourth claim for relief, a products liability claim against yet another defendant, was previously dismissed.  (ECF No. 157).

official capacity claims. He further recommended that Defendants Wilson, Dick, Bradshaw, and

Lozier be removed as Defendants in this action.  Magistrate Judge Watanabe recommended that

only Plaintiff's first claim (Claim One), use of excessive force and cruel and unusual punishment

as against Defendants Mertens and John Doe 2 individually, remain pending.  Plaintiff objected

("the Objection(s)") to the Recommendation.  (ECF No. 172).  For the reasons below Plaintiff's

Objection is OVERRULED, and the Recommendation is ADOPTED.

I.      **LEGAL STANDARDS**

        **A.      Review of the Magistrate Judge's Report and Recommendation.**

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule

of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of

the magistrate judge's [recommendation] that has been properly objected to."   In conducting its

review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive

further evidence; or return the matter to the magistrate judge with instructions."   Fed. R. Civ. P.

72(b)(3).   An objection is proper if it is filed timely in accordance with the Federal Rules of

Civil Procedure and specific enough to let the "district judge…focus attention on those issues—

factual and legal—that are at the heart of the parties' dispute."   *United States v. 2121 E. 30th St.*,

73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

In the absence of an objection, the Court may review a recommendation under a lesser

standard.  *See* Fed. R. Civ. P. 72(b) Advisory Committee's Notes ("When no timely objection is

filed, the court need only satisfy itself that there is no clear error on the face of the record in

order to accept the recommendation."); *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th

Cir. 1991) ("In the absence of a timely objection, the district court may review a magistrate's

report under any standard it deems appropriate.").

### B. Standards for Dismissal.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Courts treat a motion to dismiss based on Eleventh Amendment immunity as a motion to dismiss a complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). *Meyers v. Colo. Dep't of Human Servs.*, 62 F. App'x 831, 832 (10th Cir. 2003). A Rule 12(b)(1) dismissal is not a judgment on the merits, but a determination that the Court lacks authority to adjudicate the matter. *See Castaneda v. I.N.S.*, 23 F.3d 1576, 1580 (10th Cir. 1994).

### C. *Pro Se* Status.

Plaintiff is proceeding *pro se*; thus, the Court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The Court, however, cannot act as advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

No party has objected to the recitation of facts set forth in the Recommendation in that section captioned "Statement of Facts." (See ECF No. 171). That recitation is adopted by this Court and replicated below.

Plaintiff Shawn Winkler is an inmate formerly housed in the Sterling Correctional Facility (SCF) of the Colorado Department of Corrections (CDOC). Winkler is no longer

incarcerated with the CDOC.  He sues the CDOC Defendants under 42 U.S.C. § 1983 for alleged violations of the Eighth Amendment and for Retaliation.  On August 12, 2011, Winkler was transported to the Sterling Regional Medical Center due to "accidental poisoning for an unspecified drug."  Winkler was unconscious at the time of his transport.  An electric security device, the Karbon "Bandit" was affixed to Winkler's right calf while he was in the hospital.  On August 14, 2011, Winkler began to regain consciousness and felt a sharp pain in his right leg, which was convulsing.  Winkler recalls hearing John Doe 1 and/or John Doe 2, who were the CDOC Corrections Officers assigned to his hospital room remark, "[h]e's alive.  Look at that leg jump."  Winkler then stated, "[h]ey I can hear you," to which John Doe 1 and/or 2 replied, "[s]hit! He's awake."  On August 16, 2011, Winkler discovered that he had been severely burned on his right calf by the Bandit.  He later discovered that it is a common practice of Corrections Officers on hospital watch to "brand their cattle."

On or around September 16, 2011, Winkler filed an administrative grievance with his case manager, Defendant Dick.  On September 21, 2011, Winkler was summoned into Defendant Wilson's office who informed Winkler, "with grievance in hand," that the matter would not go anywhere, since "we will just claim equipment malfunction."  Wilson also told Winkler to "be careful before something more serious might happen."

On September 29, 2011, Defendants Bradshaw and Lozier performed a "blue tornado" in Winkler's cell area.  This consisted of "relieving" Winkler of his legal documents, notes and other evidence related to this lawsuit and other legal matters.  On September 30, 2011, Winkler's Case Manager, Defendant Dick, informed Winkler that he ordered the "blue tornado" and had generated documentation to show Winkler was in violation of facility rules.  According to Winkler, the actions of Bradshaw, Lozier, and Dick were in retaliation for Winkler being added

4

to the *Montez* class action lawsuit in 2002.  Finally, Winkler also appears to assert claims related to accidental poisonings occurring at SCF.

Plaintiff filed his original Complaint on December 19, 2011.  (ECF No. 1).  He then filed an Amended Complaint on February 7, 2012, (ECF No. 19), alleging use of excessive force and cruel and unusual punishment; failure to remedy a wrong and for intimidation (claim two); and also for retaliation and harassment. He also sued the Defendants in their official capacities. Defendants moved to dismiss the Amended Complaint on February 7, 2013 (ECF No. 155), and Judge Watanabe recommended dismissing: 1) Plaintiff's official capacity claim, 2) his failure to remedy a wrong and intimidation claim, and 3) his retaliation and harassment claim.  (ECF No. 171).   Judge Watanabe did not recommend dismissing Plaintiff's use of excessive force and cruel and unusual punishment claim (claim one) as against Defendants Mertens and John Doe 2 in their individual capacities.

## III.   ANALYSIS

Plaintiff's response to the Recommendation was somewhat odd. Within the time limits for filing an objection, he filed a pleading—but not an objection to the Recommendation.  His pleading was captioned "Response to Defendants Motion to Dismiss."  And this pleading was filed even though Plaintiff had earlier, before the Recommendation, field a Response to CDOC Defendant's Motion to Dismiss." (ECF No. 158).  Plaintiff's post Recommendation pleading, however, was in some loose way directed at the Recommendation as it began with the statement, "Comes now the Plaintiff Shawn M. Winkler and SUBMITS RESPONSE to the defendants continued request for a motion to dismiss (docket 155)." (ECF No. 172 at 1).

This Court has reviewed the Recommendation, Plaintiff's Response and all relevant pleadings, and concludes that Magistrate Judge Watanabe's analysis of the issues was thorough

and sound, with no clear error of law or abuse of discretion.  This standard of review is adopted

because Plaintiff's Response, even taking into consideration his *pro se* status, cannot reasonably

be construed as proffering objections to the Recommendation.  The Response neither references

nor takes issue with any statement, factual finding, or legal conclusion contained in the

Recommendation.  Rather, the Response is more a philosophical position statement as to why he

should be permitted to proceed to trial, the reason being that he is the victim of abuse and other

wrongs.

Application of the above standard obviates the need for further analysis.  However, even

were the Court to attempt to construe the Response as a valid objection, liberally construing the

same in light of Plaintiff's *pro se* status, the outcome would be the same.  Magistrate Judge

Watanabe's analysis was thorough and sound and his conclusions correct.

### A.     The Eleventh Amendment bars Plaintiff from suing Defendants for monetary damages in their official capacities.

The crux of Plaintiff's response to the recommended dismiss on this basis is that

"[prison] [g]uards do NOT have the right to beat you or harm you unless their action is

considered reasonable given the situation," and that someone must be accountable for the fact

that he was "scared [sic] permanently by excessive force administrated by improper use of a

security weapon." (ECF No. 172 at 2).  However, this position hardly meets the relevant issue.

The Eleventh Amendment bars states and their agencies from actions for damages in federal

courts. *Kentucky v. Graham*, 473 U.S. 159, 169–70 (1985).  And actions against the employees

of the states or their agencies in the employees' official capacities are, other than in name,

actions against the state or agency. *Id.*, at 165–66.  Here, the official capacity defendants are

employees of the Colorado Department of Corrections ("CDOC").  The CDOC  is an agency of

the State of Colorado that has not waived its sovereign immunity. *Hunt v. Colorado Dept. of Corrections*, 271 Fed. App. 778, 781 (10th Cir. 2008). Thus, dismissal was proper.

### B.   Magistrate Judge Watanabe's determination that Defendant Wilson did not violate Plaintiff's constitutional rights was correct.

Plaintiff asserts that Defendant Wilson threatened him. Wilson, the prison's case manager supervisor, summoned Plaintiff to his office and told him that his grievance regarding the burn on his leg "will not go anywhere because [the prison facility] will just claim equipment malfunction." (ECF No. 19 at 5). Wilson then allegedly threatened Plaintiff for airing his grievances, telling him to "be careful before something more serious might happen." (*Id.*). Judge Watanabe found that "such a mere verbal threat…without more, does not state a claim of constitutional dimension," and determined that Plaintiff has failed to state a claim upon which relief can be granted. *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001).

Plaintiff objects to Judge Watanabe's determination. The Response merely re-alleges that Plaintiff experienced verbal threats from certain prison officials. (ECF No. 172 at 3). Plaintiff claims that "official discovery provided by Defendants" supports this claim. (*Id.*). He also claims that nurse Lori Halter was wrong to claim that Plaintiff never attempted to complain about the alleged intimidation. (*Id.*). However, none of this changes the fact that, though statements may have been made, without more, they remain mere statements and Plaintiff still has not stated a claim of a constitutional dimension under 42 U.S.C. § 1983. *Williams v. Martinez*, 2010 WL 330313, at *1 (D. Colo. Jan. 20, 2010) ("No matter how inappropriate, verbal harassment and threats without more do not state an arguable constitutional claim.").

### C.   The necessary 'but for' causation between the *Montez* class action and the alleged harassment and retaliatory treatment taking place thereafter is lacking.

In his Complaint and throughout the proceedings, Plaintiff alleges that he was harassed

and retaliated against after joining a class action suit he refers to as the "*Montez* Class Action" in 2002.  (ECF No. 172 at 5).  He claims that he experienced "accidental poisonings" due to joining this class action.  (ECF No. 19 at 6).  He also claims that the September 29, 2011, "blue tornado" performed in his cell area, where corrections officers allegedly "used this opportunity to relieve the Plaintiff of legal documents, evidence, and notes," also resulted from his joining the class action.  (*Id.*).  After considering the appropriate legal standards for harassment and retaliatory action, Magistrate Judge Watanabe determined that "[P]laintiff's allegations do not establish the requisite causal connection for a retaliation claim against [d]efendants Dick, Bradshaw, and Lozier based on the one cell search," and that Plaintiff's "attribution of a retaliatory motive is conjectural and conclusory."  (ECF No. 171 at 11–12) (citing *Smith v. Maschner*, 899 F.2d 940, 949–50 (10th Cir. 1990) (the plaintiff must show that [d]efendants' retaliatory motive was a "but for" cause of the [d]efendants' actions)).  Consequently, Magistrate Judge Watanabe recommended that Plaintiff's retaliation/harassment claim (Claim Three) be dismissed.

The Response offers this Court no reason to disagree with Magistrate Judge Watanabe. Plaintiff claims that tangible physical evidence exists supporting the fact that the incidents he cites in his Complaint actually occurred.  (ECF No. 172 at 4).  He alleges that certain evidence in Defendants' possession documents abusive acts against him, beginning in 2002, after he joined the *Montez* class action. (*Id.*).  He alleges that specific evidence exists proving that that the "blue tornado" performed in his cell took place.  (*Id.*).  However, even assuming that documents and other evidence substantiating the occurrence of these events exists, Plaintiff still has not established that, "but for" his participation in the *Montez* case, the search of his cell—or any other incident to which he alludes—would not have occurred.  *Peterson v. Shanks*, 149 F.3d

1140, 1144 (10th Cir. 1998) ("An inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of [his] constitutional rights." (emphasis in original)).

IV.     **CONCLUSION**

Based on the foregoing, it is ORDERED that the Plaintiff's official capacity claims, Claim Two (for failing to remedy a wrong and for intimidation), and Claim Three (retaliation and harassment) be DISMISSED.  The Clerk of Court is also directed to REMOVE Defendants Wilson, Dick, Bradshaw, and Loizer as Defendants in this action.  This action remains pending as to Claim One (use of excessive force and cruel and unusual punishment), against Defendants Thomas Mertens and John Doe 2.

DATED this 4th day of March, 2015.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge