IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03324-RM-MJW

SHAWN MANDEL WINKLER,

Plaintiff,

v.

THOMAS MERTENS, Correctional Officer, and
JOHN DOE 2,

Defendants.

---

**RECOMMENDATION ON
DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO MAKE PAYMENT
TOWARD THE FILING FEE AND FAILURE TO PROVIDE NOTICE OF PLAINTIFF'S
CURRENT ADDRESS (Docket No. 179)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case was initially referred to this court pursuant to an Order Referring Case issued by now Chief Judge Marcia S. Krieger on March 26, 2012. (Docket No. 35). Following Judge Krieger's recusal (Docket No. 63), the case was subsequently reassigned to Judge William J. Martinez (Docket No. 64) and then to Judge Raymond P. Moore upon his appointment (Docket No. 163). On May 30, 2013, Judge Moore issued an Amended Order Referring Case (Docket No. 167).

Pursuant to an Order Adopting Magistrate's Recommendation (ECF No. 171) and Overruling Plaintiff's Objections (ECF No. 172) issued by Judge Moore on March 4, 2015 (Docket No. 173), only one claim (Claim One - use of excessive force and cruel and unusual punishment) remains against defendants Thomas Mertens and John Doe 2

in their individual capacities.  Plaintiff alleges the following in that remaining claim. (Docket No. 19).  On August 12, 2011, plaintiff was transported to the Sterling Regional Medical Center, unconscious from an accidental poisoning by an unspecified drug, which was the third time such an incident happened to him while at Sterling Correctional Facility.  All of these incidents coincided with his filing court actions.  On this occasion, he went into "V-Tach and flat lined." (Docket No. 19 at 4).  He was resuscitated twice with a defibrillator.  He regained semi-consciousness on August 14, 2011, to a sharp pain in his right leg, which was convulsing uncontrollably.  His first conscious memory was Thomas Mertens[1] and/or John Doe 2 and/or the court's information officer (Gilmore and/or Bennett) saying, "He's alive.  Look at that leg jump." (Docket No. 19 at 4-5). Plaintiff had slowly become aware of an unidentifiable noise which ceased, as did his leg convulsion, while one of these individuals chuckled.  Plaintiff was unable to identify the source because he could not focus fully and could not turn because he was intubated.  Plaintiff said, "Hey I can hear you." (Docket No. 19 at 5).  All banter ended, and one of these individuals said, "Shit!  He's awake." (Docket No. 19 at 5).  Plaintiff was able to shower two days later, at which time he discovered that the security device (Band-It Taser) had severely burned his right calf.  It is his understanding and belief from further investigation that it is a common practice of correctional officers on hospital watch to "Brand their Cattle." (Docket No. 19 at 5).

When the pro se plaintiff commenced this action, he was in the custody of the Colorado Department of Corrections.  He has since been released.  Plaintiff filed a

---

[1]In a Minute Order entered on January 24, 2013 (Docket No. 145), defendant John Doe 1 was replaced by Correctional Officer Thomas Mertens.

3

Notice of Change of Address on October 2, 2012 (Docket No. 134), from which an inference could be drawn that he was being released from custody on or about October 13, 2012, and would be residing in Colorado Springs.  Thereafter, on May 13, 2013, plaintiff filed another Notice of Change of Address (Docket No. 164) indicating that he moved to Denver.  No further Notices have been filed by plaintiff regarding any subsequent change of address.

**DEFENDANT'S MOTION TO DISMISS**

Now before the court for a report and recommendation is defendant Mertens' Motion to Dismiss for Failure to Make Payment Toward the Filing Fee and Failure to Provide Notice of Plaintiff's Current Address (Docket No. 179).  Plaintiff has not filed a Response to this motion.  The court notes that in a Motion to Vacate Final Pretrial Conference filed on June 20, 2015 (Docket No. 185), defense counsel noted that the plaintiff's copy of the Motion to Dismiss was returned as undeliverable.  (Docket No. 185, 185 at 2, ¶ 5).

In addition, all of the mailings by the court to the plaintiff since the filing of the motion to dismiss have been returned as undeliverable.  (See Docket Nos. 183, 190, 191, 192, 193, 198, 199).   One of the undeliverable mailings was this court's Order to Show Cause entered on June 22, 2015 (Docket No. 188).  In that Order, plaintiff was directed to show cause in writing on or before July 13, 2015, why this case should not be dismissed pursuant to D.C.COLO.LCivR 41.1 for failure to prosecute.  Plaintiff was advised in language in bold lettering that "**his failure to show cause may very well result in a recommendation to Judge Moore that this action be dismissed with or**

**without prejudice.**" (Docket No. 188) (emphasis in original). The court noted in the Order to Show Cause that documents recently sent to plaintiff at his last known Denver address had been returned to the court by the U.S. Postal Service as undeliverable. (See Docket Nos. 178, 183, 184). In addition, the court noted that on two of those returned items, another Denver address was noted on the envelope by the Postal Service (Docket Nos. 183, 184), but plaintiff had not provided the court with a new notice indicating that new address. In an abundance of caution, the Order to Show Cause was sent to both addresses.

Thereafter, the court discovered that it had a typographical error in the new Denver address and thus had the Order to Show Cause sent to the correct address and once again to the plaintiff's address of record (see Docket No. 197, Certificate of Mailing). In addition, the court gave plaintiff up to and including July 20, 2015, to respond to the Order to Show Cause. (Docket No. 196). The mailing to plaintiff's address of record was returned as undeliverable (Docket Nos. 198), but the mailing to the other address has not yet been returned. Plaintiff has not filed a response to the Order to Show Cause or to defendant's motion to dismiss.

The court has carefully considered the Motion to Dismiss (Docket No. 179) as well as applicable Federal Rules of Civil Procedure and case law. In addition, the court has taken judicial notice of the court file. The court now being fully informed, makes the following findings, conclusions of law, and recommendation.

Defendant Marten correctly notes in his motion that on December 21, 2011, Magistrate Judge Boland issued an Order granting plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(b)(2). Judge Boland stated in that Order, in

5

pertinent part:

> Based on the information about the plaintiff's financial status, the court finds that the plaintiff is able to pay an initial partial filing fee of **$6.00** pursuant to § 1915(b)(1). Accordingly, it is
>
> ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. No. 2) is granted. Plaintiff shall be required to pay the full amount of the required $350.00 filing fee pursuant to § 1915(b)(1) regardless of the outcome of this action. It is
>
> . . .
>
> FURTHER ORDERED that, after payment of the initial partial filing fee, the plaintiff shall be required to make monthly payments of twenty percent (20%) of the preceding month's income credited to his trust fund account or show cause each month as directed above why he has no assets and no means by which to make the monthly payment. Plaintiff is directed to make the necessary arrangements to have each monthly payment identified by the civil action number on this order. It is
>
> <u>FURTHER ORDERED that if within the time allowed the plaintiff fails to have the designated initial partial filing fee or monthly payments sent to the clerk of the court or to show cause as directed above why he has no assets and no means by which to pay the designated initial partial filing fee or make the monthly payments, the Prisoner Complaint will be dismissed without further notice.</u> It is
>
> . . .
>
> **FURTHER ORDERED that the court may dismiss this action and may apply all or part of the filing fee payments tendered in this action to satisfy any filing fee debt the plaintiff may owe in a prior action or actions if the plaintiff fails to stay current with his payment obligations in the prior action or actions.**

(Docket No. 3) (emphasis in bold in original, emphasis underscored added).

As correctly asserted by defendant Mertens in his motion to dismiss, plaintiff has not complied with Judge Boland's Order.  A review of the court docket shows while plaintiff was relieved of his obligation to pay the initial partial filing fee (see Docket No.

6

11), he was clearly advised by Judge Boland that he "remains obligated to pay the required $350.00 filing fee through monthly installments as directed . . . ." (Docket No. 11 at 2). Furthermore, plaintiff was again advised that in bold font that "**the Court may dismiss this action and may apply all or part of the filing fee payments tendered in this action to satisfy any filing fee debt Plaintiff may owe in a prior action or actions if Plaintiff fails to stay current with his payment obligations in the prior action or actions.**" (Docket No. 11 at 3) (emphasis in original).

Despite those warnings, plaintiff made only one small partial payment toward the filing fee ($7.05) on February 14, 2012. Thereafter, he merely filed his Account Statement on July 23, 2012 (Docket No. 97), August 15, 2012 (Docket No. 123), and September 27, 2012 (Docket No. 132). He has not made any other monthly payments nor shown cause monthly why he could not do so. In addition, as noted above, the docket further reflects that plaintiff filed a Notice of Change of Address on October 2, 2012 (Docket No. 134) from which an inference could be drawn that he was being released from custody on or about October 13, 2012, and would be residing in Colorado Springs. Thereafter, on May 13, 2013, plaintiff filed another Notice of Change of Address (Docket No. 164) indicating that he moved to Denver. Plaintiff, however, has not made any payment toward the $350 filing fee since his release, nor has he moved for *in forma pauperis* status following his release.

Defendant now seeks dismissal of this action based upon plaintiff's failure to pay his filing fees as directed by Magistrate Judge Boland and as required by the Prison Litigation reform Act, 28 U.S.C. § 1915(b)(2), his failure to show cause as to why he

7

cannot do so, and his failure to reapply for *in forma pauperis* status following his release.

In addition, defendant asserts that dismissal is warranted because plaintiff has failed to keep the court and defense counsel apprised of his current address, as evidenced by this court's order being returned as undeliverable (See Docket No. 178). Defendant further notes in a Motion to Vacate the Final Pretrial Conference (Docket No. 185) that the copy of the Motion to Dismiss that was mailed to plaintiff was returned as undeliverable.  (Docket No. 185 at 2, ¶ 5).

"[D]ismissal represents an extreme sanction appropriate only in cases of willful misconduct."  Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992).  "Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including: '(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant,' . . . (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance . . . and (5) the efficacy of lesser sanctions."  Id. at 921.  "These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction."  Id.  Since the plaintiff is appearing pro se, this court has "assess[ed] whether it might appropriately impose some sanction other than dismissal, so that the party does not unknowingly lose its right to access to the courts because of a technical violation."  Id. at 920 n.3.  "Dismissal is warranted when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits."  Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co., 497 F.3d 1135, 1144 (10th Cir. 2007) (internal quotations omitted).

8

Here, with respect to the first factor, the court finds that there has been actual prejudice to the defendant as a result of plaintiff's lack of participation in this case. Defendant has repeatedly moved to vacate the Final Pretrial Conference because plaintiff has apparently abandoned this case, and it would thus be wasteful of defendant's resources to prepare and file a proposed final pretrial order and to attend a final pretrial conference. Defendant has been diligent in his attempt to defend against plaintiff's claims and otherwise advance this action. Plaintiff, however, has apparently abandoned this action. Defendant is being deprived of a prompt opportunity to have the claims against him adjudicated.

Next, regarding the second factor, plaintiff has interfered with the judicial process. He has not responded to defendant's motion to dismiss or to the Order to Show Cause and has not provided any contact information to the court or defendant so that the court can have a meaningful final pretrial conference. In addition, he has clearly not complied with Judge Boland's Order concerning payment of the filing fee, nor has he reapplied for *in forma pauperis* status since his release almost three years ago.

Third, plaintiff is culpable for his failure to comply with his obligations in this litigation. He has not complied with Judge Boland's Order, nor has he updated his contact information with the court or defense counsel. See M.E.N. Co. v. Control Fluidics, Inc., 834 F.2d 869, 872-73 (10th Cir. 1987) (a willful failure is "any intentional failure as distinguished from involuntary compliance. No wrongful intent need be shown.").

Next, Judge Boland's Order expressly warned of possible dismissal, without further notice, for noncompliance. In addition, in the Order to Show Cause (Docket No.

188) this court very clearly advised plaintiff of the possible sanction of dismissal based upon his failure to prosecute.

Finally, a lesser sanction would not be sufficient. Plaintiff has continuously failed to comply with Judge Boland's Order, and he has not provided the court or defense counsel with his contact information so that this case can proceed. It is highly unlikely that monetary sanctions would have any effect given plaintiff's claimed indigency. The fifth factor thus also weighs in favor of dismissal.

In sum, it is recommended that this matter be dismissed without prejudice based upon the plaintiff's failure to comply with Judge Boland's Order, his failure to keep the court and defense counsel apprised of his contact information, and his failure to prosecute.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that be the Motion to Dismiss for Failure to Make Payment Toward the Filing Fee and Failure to Provide Notice of Plaintiff's Current Address be **granted**. Based on this Recommendation, it is further

**ORDERED** that the August 20, 2015, dispositive motion deadline is vacated.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file**

10

**and serve such written, specific objections waives** *de novo* **review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  July 29, 2015                          s/ Michael J. Watanabe
       Denver, Colorado                       Michael J. Watanabe
                                              United States Magistrate Judge